IN THE MATTER OF THE APPLICATION OF FRANK GONSALVES CORREA TO REGISTER AND CONFIRM TITLE TO LAND SITUATE AT OMA'OPIO 1, 2, 3, AND 4, KULA, MAUI, STATE OF HAWAI'I
WILLIAM S. ELLIS, JR., Respondent-Appellant,
v.
KRS DEVELOPMENT, INC.; KRS ASSOCIATES I, LLC; and KRS ASSOCIATES II, LLC, Petitioners-Appellees, and
RICHARD EMERY, TRUSTEE, Respondent-Appellee.
No. 28585.
Intermediate Court of Appeals of Hawaii.
November 25, 2009.
On the briefs:
William S. Ellis, Jr. Respondent-Appellant, pro se.
Wray H. Kondo and David Y. Nakashima for Petitioners-Appellees.

SUMMARY DISPOSITION ORDER
NAKAMURA, C.J., WATANABE, and LEONARD, JJ.
This appeal concerns property located in Kula, Maui (property) that was once owned by Respondent-Appellant William S. Ellis, Jr. (Ellis), pro se, but which the United States Bankruptcy Court for the District of Hawai'i subsequently ordered sold and which Respondent-Appellee Richard Emery (Emery), the court-appointed bankruptcy trustee, conveyed to KRS Development, Inc. or its nominees, KRS Associates I, LLC (KRS I) and KRS Associates II, LLC (KRS II) (collectively, KRS). Unhappy with losing the property, Ellis recorded numerous instruments against the property in the Land Court of the State of Hawai'i (land court) in an effort to cloud title to the property and prevent its development and sale.
On December 15, 2003, KRS filed a petition against Ellis and Emery, requesting that the land court (1) expunge the instruments affecting the property that were filed by Ellis; (2) bar and enjoin Ellis and any of his affiliated partnerships or corporations, and their officers, agents, servants, employees, or attorneys, and any persons in active concert or participation with any of them, from otherwise interfering with KRS's ownership and enjoyment of the property; (3) award money damages to KRS; (4) award attorneys' fees and costs to KRS; and (5) impose sanctions against Ellis. KRS also filed an "Ex Parte Motion for Issuance of a Temporary Restraining Order [(TRO)] Expunging Various Instruments Recorded in Land Court, or in the Alternative, Ordering That Bond be Posted and Order to Show Cause Why a Preliminary Injunction Should Not be Issued" (ex parte motion). KRS stated that it
currently has several lots scheduled for closing on January 2, 2004. However, because additional instruments have been fraudulently and improperly recorded by [Ellis] against [the property], subdivision plat approval has been delayed, potential buyers will have the option to cancel their contracts and KRS will lose these sales.
(Bolded emphasis in original.)
On December 24, 2003, the land court[1] entered an order granting KRS's ex parte motion (December 24, 2003 order). The December 24, 2003 order, in pertinent part, permanently expunged nine instruments recorded in land court by Ellis against the property and determined that the remaining requested relief was "render[ed] . . . moot."
On January 5, 2004, Ellis filed a notice of appeal from the land court's order granting KRS's ex parte motion. However, on April 27, 2004, the Hawai'i Supreme Court dismissed the appeal for lack of jurisdiction.
On February 23, 2007, KRS filed its motion for summary judgment. KRS asserted that summary judgment was appropriate because Ellis "no longer has any interest in the [property]. . . . [Ellis] has either exhausted all his remedies to claim an interest or has waived his right to claim any interest in the [property]."
On May 15, 2007, the land court entered (1) an "Order Granting in Part and Denying in Part [KRS's] Motion for Summary Judgment [(SJ Order),]" which permanently expunged nine instruments that Ellis had recorded in the land court against the property, determined that all other claims set forth in KRS's petition were rendered moot, and denied summary judgment as to "all other relief not otherwise disposed of by this [SJ Order;]" and (2) the final judgment in favor of KRS and against Ellis, entered pursuant to the SJ Order.
This appeal followed.

A.
Ellis's first point on appeal is that KRS, Ellis, and Emery are not persons in interest with standing before the land court pursuant to Hawaii Revised Statutes (HRS) § 501-196 (2006). We disagree. HRS § 501-196 currently provides, as it did at the time the underlying lawsuit was filed, in relevant part, as follows:
Alterations upon registration book prohibited when; court hearings; limitations. . . . Any registered owner or other person in interest may at any time apply by petition to the court, upon the ground that registered interests of any description, whether vested, contingent, expectant, or inchoate have terminated and ceased; or that new interests have arisen or been created which do not appear upon the certificate; . . . . The court shall have jurisdiction to hear and determine the petition after notice to all parties in interest and may order the entry of a new certificate, the entry or cancellation of a memorandum upon a certificate, or grant any other relief upon such terms and conditions, requiring security if necessary, as it may deem proper.
Additionally, HRS § 501-73 (2006), entitled "Removing clouds on title[,]" provides currently, as it did when KRS filed the underlying petition, that "[t]he court may remove clouds on titles and may find and decree in whom the title or any interest, legal or equitable, in land is vested, whether in the applicant or in any other person."
The record on appeal includes copies of Land Court Certificate of Title Nos. 619,934 and 619,935, which indicate that KRS I and KRS II were cumulatively the registered owners of the property. As registered owners, KRS I and KRS II clearly had an interest in the property and standing to petition for removal of any cloud on the title to the property. Similarly, Emery, as the bankruptcy trustee who conveyed the property to KRS or its nominees, clearly had an interest in the property and standing before the land court to ensure that KRS's title to the property is free and clear of any liens.

B.
In his second, rather confusing, point on appeal, Ellis argues that the December 24, 2003 order is procedurally defective because there is no authority for an "affirmative [TRO] summarily expunging registered [l]and [c]ourt documents." (Internal quotation marks omitted.) Ellis states that the December 24, 2003 order granting KRS's ex parte motion "restrained neither ELLIS nor EMERY . . . from any actions that threatened status quo" and therefore, the land court lacked jurisdiction to expunge the nine instruments affecting title to the property. (Emphases in original.)
While the title of the December 24, 2003 order refers to KRS's ex parte motion for issuance of a TRO, the substance of the order directed the land court registrar to "immediately and permanently expunge" nine instruments relating to the property that were filed by Ellis. The land court issued the December 24, 2003 order after a lengthy hearing in which Ellis fully participated. As noted above, the land court had jurisdiction pursuant to HRS § 501-73 to order expungement of instruments that were clouding title to the property. Ellis's second point on appeal is therefore meritless.
The final judgment and SJ Order, both entered by the land court on May 15, 2007, are affirmed.
NOTES
[1] The Honorable Gary W. B. Chang presided.